UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v.  ) | CAUSE NO. 3:05-CR-00045(01) RM |
| ) | |
| DEANDRE COLEMAN ) | |
| ) | |

OPINION AND ORDER

The government has charged Deandre Coleman with possessing crack cocaine with the intent to distribute it, and with possessing a firearm in furtherance of a drug trafficking felony. Mr. Coleman moves to suppress all items seized by the South Bend Police Department during a warrantless search of the vehicle he was driving on March 30, 2005—specifically including a .380 handgun and plastic bags containing a white rock like substance—and to suppress all statements he made about those seized items.

A hearing on a motion to suppress is necessary only when the defendant demonstrates that there is a "significant, disputed factual issue." United States v. Harris, 914 F.2d 927, 933 (7th Cir. 1990) (quoting United States v. Sophie, 900 F.2d 1064, 1071 (7th Cir. 1990)). If the facts alleged by the defendant would not entitle him to relief then no hearing is needed to decide the motion. *See* id.

The following facts are taken directly from Mr. Coleman's motion except where noted. On March 30, 2005 Mr. Coleman was driving his girlfriend's 1985 Pontiac Parisienne with her permission. According to the police department's narrative that Mr. Coleman attached to his motion, the South Bend Police Department arrested him for selling crack cocaine shortly after completing a controlled buy from Mr. Coleman. The motion doesn't challenge the legality of Mr. Coleman's arrest, so the court assumes it was lawful for purposes of deciding this motion. The officers removed him from the vehicle, placed him on the ground, handcuffed him, and advised him he was under arrest.

Sgt. Flanagan then performed what he described as an "inventory search" of the vehicle, during which he discovered a .380 handgun and plastic bags containing a rock-like substance underneath the dashboard. Sgt. Flanagan seized these items. The police department's narrative submitted with the motion to suppress states that Mr. Coleman then made statements to the police regarding the items found in the car. According to the motion, Sgt. Flanagan's "inventory search" did not comply with South Bend Police Department protocols governing vehicle searches and so was unreasonable and in violation of the Fourth Amendment.

"[W]hen a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." New York v. Belton, 453 U.S. 454, 460 (1981) (footnotes omitted). The police may also search any containers found in the passenger compartment, whether open or closed, pursuant to a lawful arrest of the occupant of an automobile. Id. at 460-461. Mr. Coleman cites no authority for the proposition that a search that violates local police department protocols necessarily violates the Fourth Amendment.

Sgt. Flanagan searched the passenger compartment of the vehicle Mr. Coleman was driving as a "contemporaneous incident" of Mr. Coleman's lawful arrest. The search was permissible under the bright line rule established in Belton. New York v. Belton, 453 U.S. at 460. Accordingly, even assuming Mr. Coleman's allegations to be true, no hearing his necessary and the motion to suppress [docket no. 17] is DENIED.

SO ORDERED.

ENTERED:   July 14, 2005

/s/Robert L. Miller, Jr.
Chief Judge
United States District Court

2

cc:	D. Coleman
	A. Kowals
	D. Schmid